**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTWANN COLE,<br><br>Defendant. | Case No. 2:14-cr-00359-RFB-CWH<br><br>**ORDER ON MOTION TO SUPPRESS** |

### I.   INTRODUCTION

Before this Court for consideration is Defendant Antwann Cole's Motion to Suppress. ECF No. 22.  In his Motion, Cole argues that any statements obtained from him by law enforcement following his allegedly defective waiver of his <u>Miranda</u> rights on October 15, 2014 should be suppressed. For the reasons stated below, the Court grants the Motion.[1]

### II.   PROCEDURAL HISTORY

On November 4, 2014, Antwann Cole was charged in a one-count Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a). ECF No. 1.  On February 16, 2016, Cole filed a Motion to Suppress the statements that were obtained from him after he was taken into custody on October 15, 2014. ECF No. 22.  On February 29, 2016, the Government filed a Motion to Vacate Evidentiary Hearing in which it stated that the Government does not contest Cole's factual assertions regarding the circumstances surrounding the <u>Miranda</u>

---

[1] The Court had inadvertently not entered this written opinion earlier.  The Court is aware that the issue of this order is pending before the Ninth Circuit in United States v. Cole, No. 16-10198.  The Court is also aware that the basis for this ruling may have been rejected by the Ninth Circuit in a companion case.  <u>See</u> <u>United States v. Loucious</u>, No. 16-10121, 2017 WL 510457 (9th Cir. 2017)(approving of Miranda warning)  Realizing that this written order had not been filed, the Court now files this opinion to complete the record to expedite the appeal in this case.

1  warning that he was given after being taken into custody.  ECF No. 25.  On April 8, 2016, the
2  Court held a hearing on the motions and confirmed its previous ruling granting the Government's
3  Motion to Vacate the evidentiary hearing.  ECF No. 34.  At the hearing, the Court also confirmed
4  the parties' intention to stipulate to the following facts: who made the warning, that the warning
5  was made before the statement was given, the content of the warning, and that Cole gave a
6  statement after being given the warning.  Tr. 16:3-24, ECF No. 48.  Based on those stipulations
7  and its earlier ruling in a case involving an identical warning, see United States v. Chavez, 111
8  F.Supp.3d 1131 (D. Nev. 2015), the Court granted Cole's Motion to Suppress.  Tr. 16:2-25, 17:1-
9  5, ECF No. 48. This Opinion and Order follows that hearing and explains the Court's reasoning
10 for granting the Motion.

### III.   FINDINGS OF FACT

The Court makes the following findings of fact based upon the assertions of fact provided in the parties' briefs and agreed to at the April 8, 2016 hearing and based upon the Court's reasonable factual inferences from the stipulated facts.

On October 15, 2014, Las Vegas Metropolitan Police Department ("Metro") officers appeared at the residence of Ketty Dilone in response to a 911 call regarding an alleged domestic disturbance.  She accused Cole of slapping her in the face.  Cole was inside the residence at the time.  After speaking with the officers, Cole agreed to exit the residence.  After exiting, he was arrested and taken into custody by officers.  Metro officers searched Dilone's residence and found a firearm inside.  The officers then summoned Metro firearms detectives to the residence.  The detectives obtained a telephonic search warrant, searched the residence again, and recovered the firearm.

After the firearm was recovered, Detective Bien, one of the Metro detectives summoned to Dilone's residence, conducted a custodial interview of Cole.  The interview was recorded and transcribed.  Before questioning Cole, Detective Bien read the following warning to Cole: "You have the right to remain silent. Anything you say can be used against you in a court of law.  You have the right to the presence of an attorney during questioning.  If you cannot afford an attorney,

1  one will be appointed before questioning. Do you understand these rights?" Cole answered in the
2  affirmative, and Detective Bien began to question him. Cole proceeded to make incriminating
3  statements to Detective Bien.
4
5  **IV.  DISCUSSION**
6      The Court finds that Cole's statement to Detective Bien was obtained in violation of his
7  Miranda rights and must be suppressed, because the Miranda warnings read to Cole were legally
8  deficient and the Government therefore did not meet its burden of showing that Bien obtained a
9  valid waiver of Chavez's rights.
10     **A. Legal Standard**
11     The Fifth Amendment provides that no person "shall be compelled in any criminal case to
12 be a witness against himself . . . ." U.S. Const. amend. V. In Miranda v. Arizona, the Supreme
13 Court established guidelines for the application of the Fifth Amendment's privilege against self-
14 incrimination to the context of custodial interrogations by law enforcement. 384 U.S. 436, 441-
15 42 (1966). The Court held that "the prosecution may not use statements, whether exculpatory or
16 inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use
17 of procedural safeguards effective to secure the privilege against self-incrimination." Id. at 444.
18 The Court defined "custodial interrogation" as any questioning by law enforcement initiated after
19 an individual has been taken into custody or significantly deprived of the freedom to act. Id. "Prior
20 to any questioning, the person must be warned that he has a right to remain silent, that any
21 statement he does make may be used as evidence against him, and that he has a right to the presence
22 of an attorney, either retained or appointed." Id.
23     While "no talismanic incantation [is] required to satisfy [Miranda's] strictures," California
24 v. Prysock, 453 U.S. 355, 359 (1981) (per curiam), it is also the case that a valid waiver requires
25 not only "that one be warned of his right to counsel *during* questioning," but also that he "be
26 warned of his right to consult with an attorney *before* questioning," People of the Territory of
27 Guam v. Snaer, 758 F.2d 1341, 1342 (9th Cir. 1985) (emphases in original). "[I]t is extremely
28 important that a defendant be adequately warned of this right." Id. In order to comport with the

1  Fifth Amendment, however, the advisement does not have to be explicit as long as it "adequately
2  convey[s] notice of the right to consult with an attorney before questioning." Id.

3  "For inculpatory statements made by a defendant during custodial interrogation to be
4  admissible in evidence, the defendant's waiver of Miranda rights must be voluntary, knowing, and
5  intelligent." United States v. Garibay, 143 F.3d 534, 536 (9th Cir. 1998) (internal quotation marks
6  omitted). The determination of whether a waiver was valid "depends upon the totality of the
7  circumstances including the background, experience, and conduct of [the] defendant." Id. (internal
8  quotation marks omitted). "There is a presumption against waiver . . . which the Government
9  bears the burden of overcoming by a preponderance of the evidence." United States v. Crews, 502
10 F.3d 1130, 1139-40 (9th Cir. 2007). The government can satisfy this burden by "prov[ing] that,
11 under the totality of the circumstances, the defendant was aware of the nature of the right being
12 abandoned and the consequences of such abandonment." Id. at 1140. "The government's burden
13 to make such a showing is great, and the court will indulge every reasonable presumption against
14 waiver of fundamental constitutional rights." Garibay, 143 F.3d at 537 (internal quotation marks
15 omitted).

### B. Bien's Miranda Warning Was Deficient

17 Detective Bien's Miranda warning to Cole was legally inadequate. Bien read the following
18 warning to Cole: "You have the right to remain silent. Anything you say can be used against you
19 in a court of law. You have the right to the presence of an attorney during questioning. If you
20 cannot afford an attorney, one will be appointed before questioning. Do you understand these
21 rights?" Importantly, Bien did not advise Cole of "his right to consult with an attorney *before*
22 questioning." People of Territory of Guam v. Snaer, 758 F.2d 1341, 1342 (9th Cir. 1985)
23 (emphasis in original). It could not "easily be inferred from the warnings actually given" by Bien
24 that Chavez had a right to consult with an attorney before speaking with the officers. United States
25 v. Connell, 869 F.2d 1349, 1352 (9th Cir. 1989). There is no mention of Cole consulting with or
26 speaking to an attorney before questioning. While the warning does indicate that an attorney could
27 be appointed before questioning, this statement occurs after the sentence saying that Cole had a
28 right to the "presence of an attorney during questioning." The order of these sentences conveys

- 4 -

only that an attorney could be appointed to be "present" during an interrogation and that such attorney would be appointed right before such questioning occurred.  It does not suggest that Cole could consult with an attorney prior to questioning so that Cole could decide, after such consultation, **whether to speak with officers at all**.  Moreover, the earlier sentence's reference to the "presence" of an attorney undercuts the notion that the attorney would be able to have an active role in consulting with or advising Cole before or even during the questioning.  The phrasing suggests the role of the attorney would be that of a neutral observer rather than an active participant whose purpose is the protection of Cole's rights.  Cole's statement to Bien following this defective warning must therefore be suppressed.

### V.     CONCLUSION

The Court has considered the arguments and issues raised by both parties with respect to the statements obtained by Detective Bien.  For the reasons stated above,

IT IS ORDERED that Defendant Antwann Cole's Motion to Suppress (ECF No. 22) is GRANTED.  All statements given by Cole to Detective Bien during his custodial interrogation on October 15, 2014 are suppressed.

**DATED**: March 16, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**